IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv65-WKW |
| ) | (WO) |
| TOWN OF JACKSON'S GAP, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

By order entered on February 4, 2009, this court set an *ex parte* hearing for February 25, 2009 at 9:00 a.m. on plaintiff's motion for leave to proceed *in forma pauperis* (IFP). The order clearly advised plaintiff that his "failure to comply with [the] order may result in the court's denial of his request to waive the filing fee in his case and proceed *in forma pauperis*, or in dismissal of the case." (Doc. # 5).

Plaintiff failed to appear for the hearing. By order entered on February 25, 2009 (Doc. # 14), the court denied plaintiff's motion to appear *in forma pauperis* and directed him to pay the required civil filing fee of $350 on or before March 2, 2009. Plaintiff did not immediately respond to the order; rather, he waited until the deadline for paying the filing fee and filed a "Motion to Clarify IFP Hearing Date[.]" (Doc. # 15). In this motion, he complains that he has "received four (4) orders covering this illegal set hearing date" and that the last order ("order # 5-1, filed 02-09-09") reset the hearing "previously scheduled for February the 23, 1009 [sic] to 'March 02, 2009'[.]" However, the hearing in this case was

never scheduled for "February the 23." This court has set plaintiff's motion for hearing only once, by an order entered on February 4th scheduling the hearing for February 25, 2009. (Doc. # 5).

The order to which plaintiff refers was entered by a different magistrate judge, Judge Moorer, in a different pending case. (See Coggins v. Crouch, Civil Action No. 3:09cv64-MHT). Plaintiff does not explicitly state that he was misled by the order entered by Judge Moorer in plaintiff's case against Crouch, and the court declines to draw an inference to that effect. The order setting the hearing in Crouch clearly bears the style of that case and was entered by the referral judge in that case. Plaintiff is a frequent litigator in this court and he has previously demonstrated an ability to respond in a timely manner to orders in each of his separate cases, despite the fact that he often has several cases pending at one time.[1] If plaintiff genuinely needed clarification of the differing orders in two of his pending cases, it was his responsibility to seek clarification *before* the first scheduled hearing. He had ample time to do so, as Judge Moorer's order resetting the hearing in Crouch was entered on February 9, 2009, two and a half weeks before the scheduled hearing in this case.

For the foregoing reasons, it is

ORDERED that plaintiff's motion to clarify is DENIED, as this court's order setting his motion for hearing in this case was unambiguous.

Additionally, plaintiff has not paid the filing fee as directed by the court, nor has he

---

[1] At this moment, for instance, plaintiff has five pending lawsuits in this court.

sought an extension of time to do so. The court's order denying plaintiff's motion to proceed *in forma pauperis* clearly advised the plaintiff that, if he failed to pay the filing fee as directed, this action may be dismissed. (Doc. # 14, p. 3). Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for plaintiff's failure to pay the filing fee.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 22, 2009. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 9th day of March, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE